UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCAPONE ALO,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE,<br><br>    Defendant. | No.  1:23-cv-01172-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS<br><br>ORDER DIRECTING CLERK'S OFFICE TO ASSIGN DISTRICT JUDGE |

    Plaintiff Alcapone Alo, who at the time of filing the complaint was incarcerated at Fresno County Jail[1], proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to prosecute.

    Plaintiff filed his initial complaint on August 7, 2023. (ECF No. 1). The Court issued a screening order finding no cognizable claims on December 19, 2023. (ECF No. 5). The screening order directed Plaintiff to either file a first amended complaint or notify the Court in writing that he wished to stand on his complaint within thirty days. (*Id.* at 8-9). The Court also warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 9). The Court's screening order, which was served on Plaintiff via mail, was returned to Court on

---

[1] As the Court's screening order notes, "[i]t is unclear whether Plaintiff was a state prisoner or pretrial detainee at the time Plaintiff filed his complaint." (ECF No. 5 at 1 n.1).

1

January 2, 2024, marked as "Undeliverable, Not in Custody." Consistent with Local Rule 183(b) and this Court's Informational Order (ECF No. 3 at 5), both of which warned the Plaintiff that his case will be dismissed for failure to prosecute if he failed to comply, the Clerk of Court noted on the docket that the deadline for Plaintiff to update his address with the Court was March 11, 2024. That deadline has now passed, and Plaintiff has not updated his address nor responded to the Court's screening order. Because Plaintiff has failed to prosecute this case and comply with the Court's order, the Court recommends dismissal of this case without prejudice.

## I.   BACKGROUND

Plaintiff's complaint alleges constitutional claims against the Fresno County Sheriff's Office based on allegations regarding Plaintiff's access to the court and his injunctive request that he be provided with red, black, blue ink for signing legal documents, free notary public services, printing services for legal documents through the law library, and other resources that could help further the interest of protecting his rights as an inmate.

On December 19, 2023, the Court screened Plaintiffs' complaint and found that it failed to state any cognizable claims. (ECF No. 5 at 8). The Court provided Plaintiffs with relevant legal standards regarding Section 1983, supervisory liability, access to courts claims under the First and Fourteenth Amendments, and Equal Protection claims under the Fourteenth Amendment. (*Id.* at 3-7). The Court gave Plaintiff leave to file to file an amended complaint, or in the alternative, notify the Court that he intended to stand on his complaint. (*Id.* at 8-9). The Court advised Plaintiff that, if he chose to stand on the filed complaint, the Court would issue findings and recommendations to a district judge recommending dismissal of the action consistent with the Court's screening order. (*Id.* at 9). Finally, the Court provided that failure to comply with the screening order "may result in the dismissal of this action." (*Id.*)

## II.   ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to file an amended complaint or otherwise notify the Court that he wants to stand on his complaint as required by a court order. Plaintiff has also failed to update his address as required by court order and the local rules. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. (*See* ECF No. 4). And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

## III. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Further, IT IS ORDERED that the Clerk's Office assign a district judge to this case.

IT IS SO ORDERED.

Dated: **March 15, 2024** /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4